

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2006

# Simmons v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5094

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Simmons v. Atty Gen USA" (2006). *2006 Decisions.* Paper 107.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/107

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5094
_____

REUBEN SIMMONS
a/k/a MIKE SIMMONS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A36 813 397)
Immigration Judge Walter A. Durling
_____

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2006

Before: FISHER and CHAGARES, *Circuit Judges*,
and BUCKWALTER,* *District Judge*.

(Filed: December 12, 2006)
_____

OPINION OF THE COURT
_____

_____

*The Honorable Ronald L. Buckwalter, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Simmons appeals from a final order of the Board of Immigration Appeals ("BIA") finding him removable pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (B)(i) for committing an aggravated felony and controlled substance offense. For the reasons set forth below, we will affirm.

## I.

Because we write only for the parties, we will forgo a lengthy recitation of the legal and factual background to this case. Reuben Mohan Cyrus Simmons is a citizen of St. Vincent and the Grenadines who was admitted to the United States in September 1983, as a lawful permanent resident. Following his conviction for violation of section 220.39 of New York Penal Law, sale of a controlled substance, the Department of Homeland Security ("DHS") began removal proceedings against Simmons. The proceedings charged him with removability under §§ 237(a)(2)(A)(iii) and (B)(i) of the Immigration and Nationality Act ("INA") for being convicted of an aggravated felony and for a crime relating to a controlled substance. 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (B)(i).

In June 2005, Simmons requested a certificate of citizenship from DHS based on the prior naturalization of his mother. The DHS District Director denied Simmons's request. Simmons properly appealed the District Director's decision to the Administrative Appeals Unit in Washington, D.C. That appeal remains pending.

2

Following the denial of his request, Simmons appeared before an Immigration Judge ("IJ") and denied the charges of removability and the allegation that he was not a citizen of the United States. He argued that he had derived citizenship through the naturalization of his mother. Following a hearing, the IJ found that Simmons was removable as charged and that he was not a citizen of the United States because, while his mother had naturalized when he was 13, his father had not naturalized until after his 18th birthday. The BIA affirmed the IJ's decision, finding that Simmons could not establish derivative citizenship because his parents had never legally separated and Simmons's father had failed to naturalize before Simmons's 18th birthday.

Simmons filed this timely appeal and filed an emergency motion for a stay of removal pending the outcome of this appeal and the appeal of his citizenship. Simmons was removed to St. Vincent and the Grenadines on December 17, 2005, while his motion was pending. On December 22, 2005, we granted a motion for a stay of removal pending the outcome of this appeal.

II.

Before we reach the merits of Simmons's arguments, we must satisfy ourselves that we have jurisdiction. Pursuant to § 242(a)(2)(C) of the REAL ID Act, we have no jurisdiction to review a final order of removal against an alien who is removable for having committed an aggravated felony or drug offense. 8 U.S.C. § 1252(a)(2)(C). Therefore, we cannot consider any challenge Simmons would bring to his removability under these sections. However, we retain jurisdiction to consider Simmons's claim that

3

he is a derivative citizen of the United States who is not subject to removal. 8 U.S.C.
§ 1252(b)(5)(A).[1]  Further, pursuant to the REAL ID Act, we retain jurisdiction over
"constitutional questions or questions of law." 8 U.S.C. § 1252(a)(2)(D). While
Simmons has already been removed, his removal does not moot the case before us. *Bagot
v. Ashcroft*, 398 F.3d 252, 255 (3d Cir. 2005).

On appeal, Simmons does not argue that he has been convicted of a removable
offense under the INA, only that he is a United States citizen and, therefore, not subject to
removal. Simmons is mistaken. While it is undisputed that both of Simmons's parents
are now naturalized citizens of the United States, Simmons does not enjoy derivative
citizenship from them as his father failed to naturalize before Simmons's 18th birthday.
Former § 321(a) of the INA, which was in force at the time Simmons would have gained
derivative citizenship, provides in part:

> A child born outside the United States of alien parents . . . becomes a citizen
> of the United States upon the fulfillment of the following conditions:
> (1)    The naturalization of both parents; or
> . . .
> (3)    The naturalization of the parent having legal custody of the child
>        when there has been a legal separation of the parents or the
>        naturalization of the mother if the child was born out of wedlock and
>        the paternity of the child has not been established by legitimation;
>        and if
> (4)    Such naturalization takes place while such child is under the age of
>        eighteen years . . . .

---

[1] 8 U.S.C. § 1252(b)(5)(A) states: "If the petitioner claims to be a national of the
United States and the court of appeals finds from the pleadings and affidavits that no
genuine issue of material fact about the petitioner's claim is presented, the court shall
decide the nationality claim."

4

8 U.S.C. § 1432(a) (1999) (repealed).[2]

Simmons bore the burden of proving citizenship. *Bagot*, 398 F.3d at 256; 8 C.F.R. § 341.2(c). He could not satisfy that burden as the evidence he presented to the IJ and BIA only evidenced that his mother had naturalized before his 18th birthday. His father naturalized after his 18th birthday, and there was no evidence that his parents had ever been either legally separated or divorced. Therefore he did not meet the statutory requirements under the previous version of 8 U.S.C. § 1432.

Simmons's equitable estoppel claim must also fail. Simmons claims that at the time his mother was naturalized, the immigration officer interviewing her instructed that Simmons, her son, would become a citizen. Based on this statement from the immigration officer, Simmons claims that he believed and acted as though he was a citizen. In order to prove an equitable estoppel claim against the government, an alien must prove (1) a misrepresentation by the government, (2) reasonable reliance upon that misrepresentation, (3) a resulting detriment, and (4) affirmative government misconduct. *Dipeppe v. Quarantillo*, 337 F.3d 326, 335 (3d Cir. 2003). There is no evidence on the record, other than the statement of Simmons's counsel, that the immigration officer told his mother that he would become a citizen. Neither Simmons nor his mother submitted an affidavit to such effect. Further, even if Simmons could prove that the immigration

---

[2]On October 30, 2000, Congress repealed § 1432 and replaced it by enacting the Child Citizenship Act of 2000, Pub. L. No. 106-395, which allows a child to gain derivative citizenship when either one of his parents is naturalized.

officer made such a statement, the official's mere misstatement is insufficient to meet the high threshold that government misconduct must reach to satisfy an equitable estoppel claim. *See*, *e.g.*, *Fredericks v. C.I.R.*, 126 F.3d 433, 440 (3d Cir. 1997). A mere erroneous statement by a government official is an insufficient basis for an equitable estoppel claim.

As his last point of appeal, Simmons claims that his due process rights were violated when he was removed while his motion to stay removal was pending before this Court. We exercise plenary review over such claims. *Singh v. Gonzales*, 432 F.3d 533, 541 (3d Cir. 2006). In order to prevail on a due process claim, an alien must demonstrate substantial prejudice, *i.e.*, that a different outcome was possible. *Id.* at 541 n.10 (citing *United States v. Fernandez-Antonia*, 278 F.3d 150, 159 (2d Cir. 2002)). Even if Simmons could prove that he was denied a "full and fair hearing"[3] or removed illegally while his motion for a stay of removal was pending,[4] he cannot prove that a different outcome was possible. Simmons has pointed to nothing suggesting that had he been given a more thorough hearing before the IJ or BIA he could have produced sufficient evidence to

_____

[3]Simmons was not denied a "full and fair hearing" as he claims. Simmons claims that the IJ and BIA engaged in only a cursory review of the record. However, the record before us indicates that Simmons was given a full hearing with an attorney and was offered a sufficient opportunity to present whatever evidence he could as to his equitable estoppel claim.

[4]We note only that § 242(b)(3)(B) of the INA specifically provides that a final removal order is enforceable unless a stay of removal is granted. Because Simmons cannot prove prejudice, we need not comment on whether the DHS must refrain from removing an alien while his motion to stay removal is pending.

6

prove his citizenship.  Further, Simmons would have ultimately been removed regardless of any temporary stay of removal.  Because the outcome of his hearing would not have changed and because he can still prosecute his appeal of his citizenship status from abroad, he has suffered no prejudice.

We will affirm the decision of the BIA.